JOHNSON, J.,
concurs with reasons.
hi write separately from the majority opinion in this matter and, respectfully, concur with granting summary judgment. While I disagree with the majority that Ms. Foster failed to meet her burden of proving there is a genuine issue of material fact remaining as to whether the cracked tile created an unreasonably dangerous condition on Boomtown’s premises at the time of her fall, I find that Ms. Foster failed to establish a genuine issue of material fact as to whether Boomtown either created or had actual or constructive notice of the crack prior to her fall, as required by La. R.S. 9:2800.6(B)(2).
As mentioned in the majority opinion, Boomtown provided an affidavit of Jeannine Richert, a risk and safety manager for Boomtown, that stated Boomtown had no complaints of a fall hazard in the area of Ms. Foster’s fall prior to the day of the incident. Although Ms. Foster argues that the photographs presented by Boom-town clearly illustrate that “the tile crack is very severe, very large, and had been there for a lengthy period of time,” Ms. Foster has failed to present any evidence of the length of time the crack could have been present prior to her fall or that Boomtown had actual or constructive notice of the presence of the crack. Consequently, Ms. Foster failed to contradict Boomtown’s assertion that there was no notice of the cracked tile prior to her fall; thus, she failed to establish a genuine issue Uof material fact on that issue. For that reason, I find that Boomtown is entitled to summary judgment in its favor as a matter of law.